**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                No. 97-4853

JEFFREY ROBERT CARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-92-160-N)

Submitted: April 21, 1998

Decided: June 16, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cheryl Footman-Banks, Norfolk, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Dana O. Washington, Special Assis-
tant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeffrey Robert Card appeals his sentence of twelve months incarceration for violating his supervised release conditions. We affirm.

In January 1993, Card pled guilty to theft of Government property, 18 U.S.C.A. § 641 (West Supp. 1998), and was sentenced to a five-year term of probation with the court's option to end probation after three years. Because the offense carries a sentence of ten or more but less than twenty five years, it is a Class C felony. See 18 U.S.C. § 3559(a)(3) (1994). In January 1995, the district court determined that Card had violated the terms of his probation; the court revoked his probation and sentenced him to two months incarceration and one month home detention followed by three years of supervised release. In February 1996, the district court found that Card had violated the conditions of his supervised release; the court revoked his supervised release and sentenced him to nine months incarceration followed by two years and three months of supervised release. Card appealed this sentence and we affirmed. See United States v. Card, No. 96-4141 (4th Cir. Sept. 12, 1996) (unpublished). Card again violated the conditions of his supervised release; the district court revoked his supervised release and sentenced him to twelve months incarceration in October 1997. Card timely appeals.

On appeal, Card alleges that he received five years of probation for the theft offense and when he was sentenced in October 1997 for violating the conditions of his supervised release, the time left unserved on the original sentence was approximately three months and twenty days. Card claims that the district court erroneously sentenced him to twelve months incarceration because the sentence exceeds the balance of time left unserved on his original sentence.

The district court had authority to revoke Card's supervised release. See 18 U.S.C. § 3583(e)(3) (1994); U.S. Sentencing Guidelines Manual, § 7B1.3, p.s. (1996). Furthermore, this court has held that, in connection with sentences imposed on revocation of supervised release, the sentencing guidelines are advisory only and the dis-

2

trict court is not bound to impose a sentence within the guideline range. See United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995).

Because Card's underlying conviction was for a Class C felony, the statutory maximum sentence upon revocation of his supervised release in October 1997 was two years incarceration. See 18 U.S.C. §§ 641, 3559(a)(3), 3583(e)(3). Card was not entitled to credit for time served on either probation or supervised release. See U.S.S.G. § 7B1.5, p.s. Thus, because Card was subject to a statutory maximum sentence of two years and he had previously served a total of twelve months incarceration, the district court did not abuse its discretion by ordering Card to serve the remaining twelve months. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (standard of review).

Accordingly, we affirm Card's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3